# First District Court of Appeal
## State of Florida

_____

No. 1D2023-0894
_____

Atwood Owner LLC,

    Appellant,

v.

Aqcuinetta Lumzy,

    Appellee.

_____

On appeal from the County Court for Escambia County.
R. Scott Ritchie, Judge.

April 17, 2024

Per Curiam.

    Affirmed.

Lewis and Bilbrey, JJ., concur; Long, J., concurs with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

LONG, J., concurring.

I concur in the Court's decision to affirm but write separately to discuss the application of section 83.64, Florida Statutes, to a holdover tenant's claim of retaliatory eviction.

Appellee Acquinetta Lumzy was given a notice of non-renewal of her lease by Appellant Atwood Owner, LLC. Lumzy's lease then expired the following month, at which point she refused to leave and became a holdover tenant. Atwood then filed an eviction action. Lumzy raised the affirmative defense of retaliatory conduct under section 83.64, citing her previous report to code enforcement as the reason for her eviction. A hearing was held. The trial court ruled that the eviction was retaliatory, and the complaint was dismissed. This appeal follows.

Section 83.64, Florida Statutes, provides that it is unlawful for a landlord "to bring or threaten to bring an action for possession or other civil action, primarily because the landlord is retaliating against the tenant." An example of conduct for which a landlord may not retaliate includes where "[t]he tenant has complained to a governmental agency charged with responsibility for enforcement of a building, housing, or health code of a suspected violation applicable to the premises."

On appeal, Atwood argues that, under section 83.64, there is a legal distinction between an action for possession brought during the term of a lease and one brought after the lease's expiration. We have never addressed whether a section 83.64 retaliatory conduct defense is available after the natural expiration of a tenant's lease. Nor, if it is available, whether the power of section 83.64 is sufficient to compel landlords to enter into new indefinite lease agreements against their will. The trial court here permitted the defense and then, relying on the same, effectively imposed a new lease on the landlord.

I nevertheless concur in the Court's decision to affirm without addressing these arguments. Appellant failed to provide a transcript of the proceedings below and there is nothing in the sparse record to show that these issues were presented to the trial court. We are therefore limited in our review. Because Appellant

2

has failed to demonstrate any preserved reversible error, we must affirm.

_____

Elizabeth Cruikshank of Elizabeth Cruikshank, Atlanta, GA, for Appellant.

Carrie Vaughn Cromey and Melissa Condon Onacki of Legal Services of North Florida, Pensacola, for Appellee.